IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CASEY COOK,**

    **Plaintiff,**

**v.**                                                       NO. _____

                                                           JURY DEMANDED

**MEMPHIS LIGHT GAS & WATER,**

    **Defendant.**

**COMPLAINT FOR VIOLATION OF DUE PROCESS AND FOURTH AMENDMENT
RIGHTS IN EMPLOYMENT**

COMES NOW the Plaintiff, Casey Cook, and bring this Complaint for violation of her rights to due process and against unreasonable search and seizure against former and long- term employment, Memphis Light Gas & Water and who would state unto the Court as follows:

### I. Introduction

1. This lawsuit is instituted pursuant to the U. S. Constitution Amendment XIV, § 1 [hereinafter "14th Amendment"], U.S. Constitution Amendment IV [hereinafter "4th Amendment"], Article 1, section 8, of the Tennessee Constitution and 42 U.S.C. 1983.

### II. Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's claims brought through 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 and 1343(3) in that this case involves a civil action arising under the Constitution and laws of the United States; 28 U.S.C. § 1343(a)(3) and (4) in that this is a civil action to secure equitable or other relief and to redress the deprivation of a right, privilege or

immunity secured by the Constitution or under acts of Congress providing for the protection of civil rights.

3. All or a substantial portion of the acts complained of herein took place in the Western District of Tennessee. Therefore, venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(c).

### III. Parties

4. Plaintiff, Casey Cook [hereinafter "Plaintiff"], is an adult female resident of Memphis, Shelby County, Tennessee. Plaintiff was employed by Defendant from September 1997 until approximately July 8, 2016. At all relevant times hereinafter mentioned, Plaintiff was an employee of Defendant.

5. Defendant-Company, Memphis Light Gas & Water [hereinafter "Defendant-Company"], is a division of the City of Memphis, Tennessee, is a public utility providing electricity, gas and water to customers of the Memphis, Tennessee area with its principal place of business at 220 South Main, Memphis, Tennessee 38103.

### IV. Facts

5. Plaintiff was employed by Defendant from September 1997 until approximately July 21, 2016.

6. Plaintiff's employment history at Defendant-Company shows neither disciplinary issues, nor any conduct that was less than satisfactory.

7. Defendant promoted Plaintiff to Section Supervisor for Residential.

8. Ms. Cook was promoted to this position in May 2016.

9. On or about May 20, 2016, after the promotion to the position of Section Supervisor for Residential, Plaintiff was sent to submit a sample of urine for the drug test.

10. The drug test was administered due to the promotion.

11. Due to urological problems, Plaintiff could not provide the requisite sample.

12. On May 29, 2016, Plaintiff met with Marcia Mason, Manager of Corporate Security for Defendant-Company.

13. Ms. Mason sent Plaintiff to a urologist to complete a form explaining any medical cause for Plaintiff's inability to provide a urine sample.

14. Ms. Mason advised Plaintiff that the completed form be faxed to the Medical Review Officer ("MRO").

15. Ms. Mason did not provide Plaintiff with any deadline for this form to be returned.

16. On June 21, 2016, Plaintiff saw her urologist, Dr. Walter Rayford.

17. Dr. Rayford completed the form, explaining that hypertension and fluid retention, along with the medication she was taking, created a "medical condition [which] has, or with a high degree of probability could have, precluded [Plaintiff] from providing a sufficient amount of urine."

18. That same day, Dr. Rayford faxed the completed form to the MRO.

19. On July 8, 2016, Plaintiff again met with Ms. Mason.

20. At this meeting, Plaintiff was informed that she was being suspended pending further investigation allegedly due to the incomplete urine sample and directed Plaintiff to return to urologist to ensure that MRO got what was needed.

21. Plaintiff asked Mason whether the MRO had received the fax from Dr. Rayford's office.

22. Ms. Mason replied that she had no idea, but that Plaintiff needed to have her urologist contact the MRO to determine whether anything else was needed.

23. Plaintiff returned to her urologist's office where an assistant called the MRO to ensure that the paperwork was received.

24. With Plaintiff present, the MRO insisted that nothing more was needed and it was all in the hands of MLGW.

25. On July 21, 2016, Plaintiff was terminated because she allegedly refused to provide the required urine sample.

26. Plaintiff was required to submit a negative drug test before her promotion from a union covered position.

27. However, due to Defendant's conduct, Plaintiff was improperly removed from her union protected position and subsequently terminated without being given adequate opportunity to provide the proof of her medical condition which prevented her providing a urine sample.

28. Since Plaintiff was prematurely taken from her previous position and terminated thereafter, Plaintiff had no recourse to the grievance mechanism.

### V. Count I – Due Process Violations

29. Plaintiff hereby restates and incorporates by reference as if set forth in full the allegations of paragraph 1 – 28 of the complaint.

30. The 14th Amendment of the United States Constitution requires state governments to ensure that every citizen enjoys due process.

31. As a government employee, Plaintiff is protected against arbitrary and capricious deprivations of her property interests.

32. As an employee of Defendant-Company, Plaintiff had a protected property interest in her employment and/or continued employment.

33. One element of this protection, procedural due process, is the requirement that there be procedures in place which are reliable enough not be irrational or lead to irrational results.

34. A failure to have a sufficiently reliable process which affords an employee a reasonable opportunity to explain her medical condition which caused her to not be able to produce a sufficient urine sample deprives that employee of her due process rights.

35. As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer loss of earnings and fringe benefits and compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

36. Plaintiff was deprived of this protected property interest by Defendant-Company and has been damaged as a result thereof.

## VI. Count II – Due Process Violations

37. Plaintiff hereby restates and incorporates by reference as if set forth in full the allegations of paragraph 1 – 36 of the complaint.

38. Courts recognize a liberty interest in being free from stigmatization from government disciplinary actions.

39. The stigma must occur "in the course of" the disciplinary action.

40. The stigma must call into question the individual's "good name, reputation, honor, or integrity" to such an extent that the person's community standing or future job prospects are damaged, and the individual must show a likelihood that the stigma will be publicly disclosed.

41. Plaintiff was stigmatized as an illegal drug user by Defendant-Company which society generally finds dishonorable; it is likely that other employers would not hire Plaintiff based

an alleged failure of a drug test and Plaintiff's standing in her community would be questioned at best; and, it is likely the stigma will be disclosed to the public.

42. Plaintiff has been unable to find work since her termination from employment with Defendant-Company.

43. As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer loss of earnings and fringe benefits and compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

44. As a consequence of this stigmatization by Defendant-Company, Plaintiff has been injured.

## VII.  Count III – Violation of Fourth Amendment Rights

45. Plaintiff hereby restates and incorporates by reference as if set forth in full the allegations of paragraph 1 – 44 of the complaint.

46. The drug test Plaintiff took is considered a "search" as contemplated by the Fourth Amendment of the United States Constitution.

47. Because a drug test is considered a search, it is subject to the Constitutional requirement of being reasonable.

48. The reasonableness of the search must be tailored to those employees where there is a clear and direct nexus between the duties and the nature of the feared harm.

49. Drug testing is a legitimate government concern where employment concerns the public safety, such as driving or operating other machinery.

50. Plaintiff's position with Defendant does not involve public safety, rather Plaintiff was to become the supervisor of a call center.

51. If a drug test is not supported by a clear and direct nexus to the job duties, the test application is overbroad.

52. In addition to the foregoing, reasonableness requires a procedure in place to correctly verify the alleged failure.

53. In this case, Defendant's application of the drug test was unreasonable given Plaintiff's position.

54. In the alternative, if the application is reasonable, the procedure, as followed by Defendant, to determine if there was a medical reason for the failure was unreasonable.

55. As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer loss of earnings and fringe benefits and compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

56. As a consequence of Defendant's conduct, Plaintiff has been damaged.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

1. That the Court find that Defendant violated due process rights and the protection of a person from unreasonable search and seizure in violation of the 4th and 14th Amendments of the United States Constitution, declare such practices of defendant unlawful, and enjoin Defendant from any further acts that violate due process rights and search and seizure protection rights;

2. That this Court order Defendant to reinstate Plaintiff to her former position or a comparable position, or in lieu thereof, to order front pay and benefits until the time of reinstatement;

3. That this Court award Plaintiff damages to fully compensate for her loss of earnings, fringe benefits, plus interest, and compensatory damages for future pecuniary losses, emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary losses;

    4.    That this Court award Plaintiff lost wages since the date of her suspension;

    5.    Plaintiff be awarded reasonable attorney's fees and the cost of this action;

    6.    That Plaintiff be awarded such other and further relief as may be deemed just and proper; and

    7.    For such other and further relief as may to this Court seem equitable, proper, and just.

**PLAINTIFF REQUESTS THAT A JURY TRY THE ISSUES WHEN JOINED**

Respectfully submitted,

/s/ James R. Becker, Jr.
James R. Becker, Jr. (016582
5100 Poplar Avenue, Suite 2606
Memphis, TN  38137
901.881.6205